CELIA RADINSKY, Respondent, *v.* ABRAHAM ISRAEL, Appellant.

Second Department, December 27, 1918.

**Landlord and tenant — negligence — liability of owner of tenement house for injury to tenant from alleged defective condition of iron gate or railing — evidence — landlord not an insurer.**

In an action by a tenant against her landlord, the owner of a tenement house, for personal injuries alleged to have been caused by the negligence of the defendant in permitting an iron gate or railing between the entrance to an adjoining shop and the entrance to the main building to become defective, it appeared that the plaintiff, weighing 180 pounds, either leaned against the railing or supported herself against it by inserting one of her feet in it and thereafter it fell upon her. But there was no proof of the cause of its fall, or that there was any appearance of defect in the railing, or that an examination would have revealed that it was insecure. Evidence examined, and *held*, insufficient to justify a verdict for the plaintiff.

The landlord under the circumstances was not an insurer.

APPEAL by the defendant, Abraham Israel, from a judgment of the County Court of Kings county, entered in the office of the clerk of said county on the 12th day of March, 1918, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 15th day of March, 1918, denying defendant's motion for a new trial made upon the minutes.

*Harold M. Phillips,* for the appellant.

*Robert L. Turk* [*Jacob Stutsky* with him on the brief], for the respondent.

PER CURIAM:

The defendant was the owner of a tenement house. There was a shop adjoining the main entrance to the house. There was an iron gate or railing between that entrance and the entrance to the main building. The plaintiff was a tenant in the tenement house. The railing fell upon her and she has recovered a verdict for the alleged negligence of the defendant in that the railing was so defective and had become so loose, weakened and rusty as to become dangerous to the life and limb of persons using the said iron gate or railing

to hold or lean upon or against. The proof was not sufficient to justify the verdict. The plaintiff, a woman of mature age, weighing 180 pounds, either leaned against the railing or supported herself against it by inserting one of her feet in it, and thereafter it fell upon her. There is no proof of the cause of its fall when thus engaged by the plaintiff. There is no suggestion of any inherent cause for the fall. There is no evidence that there was any defect in the railing of any kind, or any appearance of defect or insecurity. On the contrary, the plaintiff's sole witness, also a tenant, who had observed the rail, testified that she " was sitting there frequently, I was looking at this frequently, but I never noticed that the railing shall be loose and shaky." The plaintiff read in evidence the deposition of the defendant taken before trial, wherein the defendant testified that he had owned the premises for fifteen years and that the gate or railing was on the premises when he became the owner thereof; that he had never made any repairs to the gate or railing; that he had never heard that it was loose or shaky; that he had never looked at the railing; that " nobody told " him before the day of the accident; that it had been fixed a year before by the tenant of the bakery shop; that defendant did not examine it thereafter but " they did," and that he did not remember whether he also then examined it. There is no proof that the gate or railing was of such material, or, as set up, that it would in the nature of things have become unsound or would have required repair even during the period of ownership or after it had been " fixed " the year before. There is no proof that any examination of any kind would have revealed any defect in the structure. The landlord was not an insurer. In a case that is even stronger than this in its facts, this court, per CULLEN, J., uses language which is pertinent to the case at bar: " One trusts to the security of the balusters along his stairs so long as no signs of weakness or instability are manifest. The same is true of a fence, of the doors, windows and stairs in a house. This conduct is justified by two reasons: *First,* the dangers from defects in these structures or parts of structures is not apt to be great; *second,* nearly always before they become so defective as to be dangerous they show preliminary signs of weakness or insecurity manifest to the casual observer. We

could permit a verdict for the plaintiff in this case to stand only by wholly discarding our common knowledge of the habits and conduct of the community." (*Lenz* v. *Aldrich,* 6 App. Div. 178; affd., 154 N. Y. 753.)

The judgment and order of the County Court of Kings county are reversed, and a new trial is ordered, costs to abide the event.

JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ., concurred.

Judgment and order of the County Court of Kings county reversed, and new trial ordered, costs to abide the event.